Next case on the call the docket is agenda number four case number one one three three nine nine people versus Jose Cruz counsel for the appellant Please proceed Good morning. May it please the court. My name is Pamela Rubio from the office of the state appellate defender, and I represent Jose Cruz This case comes down to the lack of a notary stamp on a single document The appellate court refused to review the merits of mr. Cruz's allegations and claims because of this singular technical defect Yet, mr. Cruz made these allegations and claims in multiple documents and orally at second stage proceedings and Neither the trial court nor the state had a problem with the form of them The appellate courts refusal to rule on the merits was not only fundamentally unfair, but also not supported by the act This case is very similar to the recent case of people versus Tidwell in Tidwell the petitioner filed a Successive petition without filing the requisite motion for leave to file that successive petition The trial court determined that it could rule on the merits and did so but the appellate court refused to review the trial courts ruling This court reversed Holding that the trial court had the authority to address the petition on the merits if it seemed if it deemed fit to do so This court also found that the appellate court should not have refused to review the merits of the trial courts ruling Because it was fully able to do so This court should find the same in this case as well Mr. Cruz presented his allegations and claims relating to his lack of culpable negligence Both orally and in multiple File documents at second stage if the trial court had a problem with the form of these Pleadings it could have pursuant to section 122 dash 5 of the post-conviction hearing act Ordered amendments or new pleadings, but it did not do so If it was concerned about the truth of the assertions or the identity of the signer it could have asked mr. Cruz to make these amendments, but it did not And for good reason which is that the purpose of the verification affidavit and the evidentiary requirements were met in this case Notarization has no relation to the substance of a petitioner's constitutional allegations The purpose of notarization is merely to confirm the identity of the signer that that purpose was met in this case when mr. Cruz appeared personally in front of the trial court and presented his claims Orally there was no question that he was the signer of that document The purpose of a verification affidavit is to attest to the truth of the allegations Again, that purpose was met in this case. Not only by his oral arguments on his claims at second stage, but also In the form of two supplemental petitions that the trial court gave him permission to file at second stage The statutory language of the act does not actually even require that allegations of lack of culpable negligence Be contained in a verified pleading or supported by evidentiary affidavits section 122 dash 1b of the act Requires that the initial petition filed by the petitioner be verified by affidavit But that relates to the commencement of the post conviction proceedings in this case. Mr Cruz did verify his initial petition with a notarized verification affidavit Why shouldn't the verification apply to all the provisions? well because The verification relates to the person that is the verification requirement relates to us Confirming the identity of the person Initially commencing the pleadings once we reach second stage and mr. Cruz is given the opportunity to file new pleadings or amend his pleadings or file supplemental documents the purpose of the verification affidavit is Not really relevant because again at second stage. The the party is personally present. He's Under oath and section 122 dash 5 at that stage applies because section 122 dash 5 is a second is the the section of the act that lays out the procedures that take place during second stage proceedings and That section gives the trial court discretion to not only grant requests to amend pleadings But also to order pleadings Amendments to the pleadings So if the trial court is dissatisfied with the form or method by which the petitioner is presenting his claims It can make it can order that the defendant correct those technical defects This court has used other evidence besides Evidence contained in verified pleadings and in evidentiary affidavits to consider Allegations of lack of culpable negligence in previous cases for example in people versus Perkins this court determined that post-conviction counsel fulfilled his duty to amend and present Allegations of lack of culpable negligence by just orally asserting those claims and that was Not only do we have the oral assertions in this case, but we also have the multiple documents that second supplemental petition that mr Cruz filed was verified by a notarized affidavit and expressly incorporated his allegations that that were contained in the initial Supplemental petition he filed during second stage proceedings if we were to accept the Unnotarized affidavit, how do you address? What is the second part? I believe of the state's argument that That affidavit did not provide an adequate showing of lack of culpable negligence Well, we would contend first of all that The relief in this case would be remand for the appellate court to actually rule on the merits of those claims, but mr Cruz Continues with his contention that he raised at the appellate level that he did fulfill The he did make a substantial showing that he lacked culpable negligence in filing late He Presented claims in those supplemental petitions and orally that showed that he filed his petition only five months late and exactly six months after his PLA was denied and he explained that he Used the old law to come to that calculation That prison law clerks whom he relied on because of his problems with the English language Gave him this misinformation and he was not corrected by a post-conviction attorney who he had been Corresponding with who had been investigating the claim the his claims and asked for more information Even after the the actual deadline had already expired So that's what you're asking is that if we agree with your position on the unnotarized affidavit to remand for? The appellate court to determine whether or not there was a proper showing of lack of culpable negligence Correct because the appellate court never actually ruled on the merits of mr. Cruz's claims and Remand is appropriate because the Supreme Court should not become the court of first review on these these claims and The issue is recurring and as recently as last week the appellate court in an in an opinion determined that it has Expressly stated that it has not yet got gotten guidance on this subject from the court and Mentioned that this this case was pending Questions kind of off-center here, but this was a trial in 1995 and the post-conviction petition was filed in 1999 and the claim has been made that it was untimely in 1999 we are in November of 2012 I understand that the case did go it's been in the appellate court a number of times Where is this case been going all these years? Well it was initially? His post-conviction petition although it was late. It was only five months late It was dismissed at the first stage the first time around on untimeliness grounds so on appeal to the appellate court it was An argument the argument was made successfully that it should not have been dismissed on untimeliness grounds at first stage based on Beauclair And it was remanded down to the trial court, and that's that was about 2004 that was The appellate court Remanded in 2003 yes, and then it went back down and then Mr.. Cruz filed a motion to supplement his pro se post-conviction petition in 2006 and He filed multiple Supplemental documents and during and it was remanded to second stage, so the second stage the second time around took that long Um Technical compliance in this this case and in all pro se cases should not be required, but a permissive definition should be Should be applied because of the nature of pro se pleadings Pro se petitioners as this court has Commented are drafted by petitioners with little legal knowledge or training They're prisoners with limited resources and subjected to restrictions imposed to them by their jailors if a correctional Institute does not provide the means to regularly appear before a notary a Pro se petitioner is without the means to comply with the technical requirements of the act Under these circumstances it would be fundamentally unfair to impose such a bright-line rule of technical compliance If there are no further questions miss Rubio, I don't know if you know this without digging through the records so if you don't know that's fine the Document that's at issue. That's not that's not notarized. Do you know the date of when that was actually? Submitted or yes, it was June 19th 2008 and he actually filed along with the document a motion for leave To file the documents something later filed in September of 2008 Yes, that was his second motion for leave to file a supplemental amended amended petition and that was Verified by a notarized affidavit. There was only one document in this case that was not notarized and it was a verification affidavit attached to his first Supplemental post conviction petition in fact his motion for leave to file that first supplemental post conviction petition Was notarized? Thank you So if there are no further questions It was both fundamentally unfair and legally incorrect for the appellate court not to reach the merits of mr. Cruz's allegations and claims because of the lack of a single notary stamp This court should therefore remand to the appellate court for a review of the merits Thank You miss Rubio Counsel for the appellate please proceed I Mr. Chief Justice your honors may it please the court on behalf of the people the state of Illinois. My name is Tracy Annan I'm an assistant state's attorney from Cook County an Unverified and unsupported post conviction petition is legally insufficient to establish a claim under the act the appellate court properly affirmed the dismissal of petitioners post conviction petition where he failed to comply with the requirements of the act and Filed an unverified and unsupported supplemental petition in support of his claims of lack of culpable negligence What does the notarization bring to the affidavit? And I'm sorry your honor, what does the notarization bring to the affidavit your honor The affidavit requirement is important because those facts alleged Are accepted as true if you find subject to perjury and that is correct your honor And it does it subjects them to without the verification requirement. There is there are no Consequences for lying that it's correct your honor So he's not subject to perjury if the if the if it's not notarized and He it's not truthful. Is it subject to perjury? your honor if the if the importance of The the affidavit requirement is is those assertions have legal significance if the notarization Without the verification requirements, there are no consequences for lying the notarization establishes a consequence And that is for committing perjury. That is correct your honor Also as defendant points out we've considered the merits of allegations of lack of culpable negligence That were made orally in court and our decision people versus Perkins Is there an inconsistency there where We're going to require written Notarization or a notarization in a written petition rather where? We'll we'll look at it when there's an oral representation made for any inconsistency there well your honor in Perkins What happened in that case? the oral assertions Council made oral assertions. They were a legal argument. They were not factual allegations So that is a big distinction in this case in this case. We have the defendant get up there and an attempt to Rectify his deficient pleading and make oral factual allegations and and Perkins does This court should not extend Perkins to to allow that to be done Your honor the plain and unambiguous language of the Act Mandates that all petitions be verified by affidavit and that's section 122 dash 1b section 122 dash 2 requires that all petitions have attached there to affidavits Records or other evidence supporting its allegations or so state while they're not attached All factual allegations must be verified by affidavit the acts the affidavit requirements of section 122 dash 1b and 122 dash 2 are not limited to first stage proceedings But applying equal force and effect to all petitions regardless if they're filed at the first or the second stage of the proceedings Petitioner seeks to extend the appellate court holdings of Henderson Parker Terry and Wilborn where the appellate courts in direct conflict with Collins and Dalton have excused defendants at the first stage proceedings from complying with the acts explicit requirements that all petitions must be verified by affidavit and That factual allegations must be supported by affidavit or other proper corroborative evidence petitioner relies on these appellate court cases to support his position and supporting evidence requirement at Second stage proceedings as well to the extent that petitioner relies on Henderson Parker Terry and Wilborn for his position those cases are wrongly decided your honor Moreover those cases should not be extended to apply to second stage proceedings petitioners attempt to partition section 122 dash 1 from the rest of 122 from the rest of Section 122. I'm sorry petitioners attempt to partition section 122 dash 1c from the rest of that section must be rejected the fact that section 122 dash 5 allows circuit court discretions to permit the filing of supplemental and amended petition does not permit petitioner to bypass the verification requirement of 122 dash 1b or the supporting evidence requirement of 122 dash 2 Section 122 dash 5 refers to pleadings Thus it is inextricably linked to the pleading which relates to all petitions filed by petitioners and those must be verified to interpret one section 122 dash 1c and 122 dash 5 as permitting any and all unverified generalized filings to satisfy the Section 122 dash 1b and 122 dash 2 runs contrary to statutory Construction to accept petitioners assertion that he's not required to verify or support his supplemental petition containing his factual allegations of culpable negligence would allow petitioners to file baseless Unverified and unsupported claims something he's not allowed to do when he files his petitions The legislature did not intend such an absurd result The act is a legislative creation the plain language of the verification Affidavit requirement and the supporting evidence requirement demonstrates that the legislature expects factual allegations to be verified and supported and if Verification requirements are not met or the supportive evidence requirement is not met that is a valid basis for dismissal at the first or the second stage of the proceedings and The affidavit requirement is so important because those facts are accepted as true they have legal significance petitioners position that he is not required to verify or support his lack of culpable negligence claim by affidavit when raised in a supplemental petition can't be reconciled with the plain language of the act or the Purpose underlying the requirement of a verified supportive pleading Petitioner argues that even if this court were to find that the lack of culpable negligence must be contained in a verified position Petitioner supported by affidavit that he's substantially complied Initially your honors People would maintain that he's forfeited this claim where he failed to raise it in either brief in his petition for rehearing or in his petition for leave to appeal Nonetheless, the people do not agree that there can be substantial compliance The pleading of requirement of the act is mandatory without verification by affidavit. The petition is legally deficient It's meaningless and this is not a difficult This is not difficult to meet the legislature set forth the affidavit requirement To be met at the first stage and the act contemplates that the most first stage proceedings Most petitioners are going to be pro-see and this requirements get satisfied all the time Petitioner did it in every other Pleading that he filed in his initial petition filed in 1999 in his petition filed in January 18th of 2008 in his response to the people's motion to dismiss and a second supplemental petition filed in September Yes, it might correct that the first time this issue of culpable negligence at least framed this way Arose in this pleading that you're directing your comments to in 08 And he made other claims of culpable negligence before then no, you are correct your honor in tooth and Actually the first time that he raised the specific Allegations of lack of culpable negligence were actually in his first supplemental petition that was filed in yes in June of oh wait You are correct your honor. So for at least since Ninety nine or so there's been an issue about untimeliness and this is the first time he raised this issue. That's correct. Your honor Your honor in support of his substantial compliance claims petitioner argues. He's a pro se petitioner He did enough and he substantially complied your honor the issue of culpable negligence Arises at the second stage proceedings and in this case petitioner had And a council appointed to represent him at the second stage proceedings and He knowingly discharged that attorney and when he discharged that attorney and chose to represent himself it then became his responsibility to ensure that his Pleadings complied with the act both procedurally and factually it was his burden to ensure that he had a legitimate claim Petitioner is sophisticated. He filed petition after petition He filed motions in response motions, he was reading case law. He writes to his appellate counsel. He writes to his post-conviction counsel and He'd any and and he now argues that he didn't know the importance of of the notarization Verification of the affidavit and and that requirement that is refuted by the record time and time again Also your honor in in terms of compliance said a substantial compliance He argues before your honors that that he that the Department of Corrections didn't provide a means to regularly obtain notary service and he relies on a letter from a senior paralegal First again, we'd argue this is not properly before you it was not filed at the lower level of the trial court And secondly, it's irrelevant this letter. It's not dated. It's not signed It's is it is addressed specifically what happens at the Dwight Correctional Center petitioners housed at Stateville There's no nexus between this letter written by this Paralegal and the untimely filing moreover if you look at petitioners for supplemental claim for supplemental petition He alleged in that his first supplemental petition that the prison's paralegals are Incompetent and offer little or no assistance at all other than to notarize and copy legal documents Petitioner failed to comply with the verification and supporting requirements of his act and his petition his supplemental petition was legally deficient Nonetheless, this court can in the interest of judicial economy conducted a novel review of the merits of petitioners lack of culpable negligence claims review of his claims Established that he failed to make a substantial showing That he lacked couple negligence in the untimely filing filing of his petition He argues that he was misinformed by a prison law clerk He doesn't name that law clerk moreover the law is clear the obligation to know the time requirements for filing a petition falls on defendants and Defendants entrustment of law clerks who have no prison law clerks who have no specialized knowledge in post-conviction matters does not establish Culpable negligence you also have his claim that he's illiterate and that his English is not fluent Your honors this is rebutted by the record with the repeated letters to counsel He he has a he has a typed letter in 1997 to appellate counsel listing all the issues He wants raised on direct appeal complaining about trial counsel's performance He cites, Illinois case law asked counsel to read it Concludes that based upon his own reading that clearly his count trial counsel was ineffective. There's a May 15th 1999 1999 letter to attorney Boyke where he writes I have found several issues in my transcript that I will write to you about in the near future You have a handwritten paragraph to his post-conviction counsel before he dismissed him Talking about things that he wanted included and exhibits that he wanted added You also have at the second stage when he became unhappy with his counsel He files a written motion seeking leave to file his own supplemental petition He filed a written risk request to represent himself He stated he's been corresponding back and forth through letters with appointed counsel You have this letter his 1999 letter to this court inquiring about his petition for leave to appeal and you've the three petition before your honors today and Also the record reveals that his arguments before the post-conviction court He was reading from an argument that he had written down He also complains about lockdowns and inadequate access to the law library However, he asserts no details as to the lockdown periods or how those periods if they that they even Existed or deprived him of his opportunity to timely file He also alleges again that he received incorrect advice from prison law clerks and that Boyke failed to tell him that the filing deadline had passed Per Boyke's letter to defendant to petitioner Boyke did not represent him There was no and petitioner produces no supporting documentation That he hired or even corresponded with Boyke prior to the lapse of the statutory filing deadline And lastly his actual innocent claim he files no affidavits from Pedro or the investigator Clemens in support of His claims that Pedro was held hostage during the trial by the state Your honor if there's no further questions The plain language of section 122 dash 1 B and 122 dash 2 supports the appellate courts judgment Affirming the dismissal of petitioners on timely petition Petitioners lack of culpable negligence claims were legally insufficient. They were based on unverified and unsupported Supplemental petition in degradation of the act and existing case law Nonetheless should this court decide to review these claims these claims are not wealth pled and they fail to establish that he was not culpably negligent for the untimely filing of his petition the people respectfully request that this honorable court affirm the appellate courts ruling dismissing petitioners untimely post-conviction petition Thank You miss Anna miss Rubio a rebuttal Just briefly Council argues that a reversal of the appellate courts ruling in this case would lead to floodgate of opening a floodgate to baseless Allegations raised during second stage proceedings, but that would be prevented by the application of section 122 dash 5 It the trial court has the power to limit the filing of these so-called frivolous documents It could allow the filings or it could deny the filings the trial court has that power As for the state's argument that we forfeited the substantial compliance argument as argued in our reply brief it was Although we did not use the term substantial compliance in the petition for leave to appeal this argument is intertwined with our argument that the That technical compliance is not required and that the appellate court erred in this case because the trial court Had the opportunity to rule on the merits and did so in response to Justice Tice can Tice's concern about Mr. Cruz's delay in asserting these allegations of lack of culpable negligence until 2008 in fact the state's motion to dismiss because of the Delay in all the proceedings in this case the state first filed its motion to dismiss Raising the affirmative defense of timeliness was not filed until February 28 2008 And it was in May of 2008 that the defendant first filed his response His reply to the state's motion and then again in June and that's the document at issue in this case so the delay I think is attributed to the the Procedural length of this case, but as soon as the state raised its affirmative defense Mr. Cruz responded with his with his assertions and Finally In in response to the argument that it was the defendants responsibility because he decided to go pro se and that He couldn't he couldn't prove or he didn't argue that a notary wasn't available for the filing of this document in fact the the case on this subject of notarization did not emerge until 2011 when people versus car was first decided Before then the act was never interpreted in such a fashion and so When mr. Cruz filed his supplemental petitions He had no reason to believe that he had to explain why his one single document was not notarized Thank you Case number one one three three nine nine people versus Jose Cruz has taken our advisement as agenda number four Miss Rubio miss Hannon. We thank you for your arguments today